Heirs of Tomás Peraza, Plaintiffs and Appellees, *v.* Ramón Marín Rada, Defendant and Appellant.

No. 4549.   Argued April 4, 1929.—Decided December 20, 1929.

R. Rivera Zayas and R. Ramírez Santibáñez, for appellant.   L. Mercader, for appellees.

Mr. Justice Wolf delivered the opinion of the court.

From the record in this case no doubt can arise that Ramón Marín Rada killed Tomás Peraza under circumstances that in a criminal prosecution justified a jury in rendering a verdict of murder in the second degree. The complaint before us set up that Marín caused the death of Peraza deliberately and maliciously. By stipulation a transcript of the

evidence in the criminal case was admitted in evidence for the facts that led up to the death. The facts of the murder are reviewed by the court below and may also be found in *People* v. *Marín*, 38 P.R.R. 598. At the close of that opinion we said: "This is a clear case of a crime perpetrated with extraordinary cruelty." Therefore we do not have to review the acts that caused the death, but only to consider the sufficiency of the complaint, the capacity of the parties, the measure of damages, and similar matters.

We agree with the appellant that if on the face of the complaint it does not appear that the action was commenced by the persons entitled to bring it the defect may be reached by demurrer. In this regard the complaint. set forth that Peraza left as his closest relatives and only heirs his widow, Josefa Vega, and three legitimate children (naming them) under the *patria potestas* of their mother, and two children by his first marriage (naming them), unemancipated minors, who were represented by and under the care of their grandmother, Providencia Colón.

The appellant objects to the sufficiency of the averment in regard to the children by the first marriage; that, being unemancipated minors, they should have been represented by a guardian or tutor; that this is an action begun by virtue of section 61 of the Code of Civil Procedure.

As the said minors are real parties in interest, and especially under section 61 of the Code of Civil Procedure, we agree with the court below and the appellee that the supposed defect could not be reached by a general demurrer attacking the sufficiency of the complaint, but objection should have been specially made under paragraph 2 of section 105 of the Code of Civil Procedure, which provides:

"The defendant may demur to the complaint within the time required in the summons to answer, when it appears on the face thereof, either:

"*         *         *         *         *         *         *

"2. That the plaintiff has no legal capacity to sue, or, . . . . ."

As appellee points out, the defect might have been readily cured by showing that the grandmother was the tutrix of the children, as the first wife had died. The objection was waived somewhat similarly as questions were waived in *Silva* v. *Carbonell*, 35 P.R.R. 224.

Likewise, as appellee maintains, the averment of the compaint was at best only a defective way of stating that the grandmother had the legal representation of the children.

Another objection to the complaint was that it failed to show that Peraza was of age. Even if he was a minor his heirs or representatives would have a cause of action for his illegal death, although not under section 61 of the Code of Civil Procedure. As we point out hereafter and as appellee maintains, this is not an action begun by virtue of section 61.

We do not find it necessary to discuss at length the sufficiency of the complaint with respect to the damages. In general when the facts set up show a cause of action a general averment of damages suffices. We find nothing to the contrary in 17 C. J. 1301, cited by appellant. The complaint showed quite a little more.

The second assignment of error sets up that neither in the complaint nor in the evidence was a basis laid for fixing the measure of damages. To discuss this question the appellant assumes that this is an action that arises exclusively under section 61 of the Code of Civil Procedure. It does not, as has been settled by *Zalduondo* v. *Sánchez*, 15 P.R.R. 216; *Silva* v. *Carbonell*, 35 P.R.R. 224; *Orta* v. *Porto Rico Railway, Light & Power Co.*, 36 P.R.R. 668. Where a man has been deliberately killed or even negligently, recourse may be had to section 1803 of the Civil Code.

We can not agree with the appellant that the court below indulged in a mere speculation with regard to the damages. The evidence showed that Peraza was 46 years old, in good health, working at a fair salary, perhaps $2.50 a day, and likewise was receiving a pension of $25 a month from the government. Also apparently he worked at a piece of

land. We incline to the view that the court could take judicial notice of his expectancy of life. We do not find that any element was lacking for the measure of damages. We find it unnecessary to consider other elements that might go to make up the damages, nor to consider the possibility of punitive damages in a case of this kind. See also *Silva* v. *Carbonell, supra.*

The court awarded $8,000 and the appellant does not convince us that this amount was an abuse of discretion.

Similarly we find no abuse of discretion in the award of costs.

The judgment will be affirmed.